IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED<br>   TRADES INDUSTRY PENSION FUND<br>TIM D. MAITLAND, in his official capacity as a fiduciary, and<br>PAINTERS AND ALLIED TRADES LABOR<br>   MANAGEMENT COOPERATION INITIATIVE<br>7234 Parkway Drive<br>Hanover, MD 21076<br><br>                 Plaintiffs,<br>  v.<br><br>COTTAGE GROVE GLASS COMPANY INCORPORATED<br>7401 South Cottage Grove Avenue<br>Chicago, IL 60619<br>                 Defendant. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain as follows.

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

## VENUE

3. Venue lies in the District of Maryland under 29 U.S.C. § 1132(e)(2), 29 U.S.C. §

185(a) and/or 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). The Pension Fund is also known as and referenced as the "International Brotherhood of Painters and Allied Trades Union and Industry Pension and Annuity Fund" and the "International Brotherhood of Painters and Allied Trades Union and Industry National Pension and Annuity Fund" in the Labor Agreements relating to this complaint. Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan").

5. The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §§ 1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint.

6. The Annuity Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §§ 1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint.

7. Plaintiff, Tim D. Maitland ("Maitland") is a fiduciary of the Funds within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Funds and

related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund and the Funds as organizations.

8. The Fund and Maitland are authorized collection fiduciary(ies) and agent(s) for:

(a) the Pension Plan,

(b) the Annuity Plan,

(c) the Ancillary Fund identified below.

9. The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. § 186(c)(9). The LMCI is also known as and referenced as the "Labor Management Initiative" in the Labor Agreements relating to this complaint.

10. The LMCI is jointly or severally referenced as "Ancillary Fund" and maintains its principal place of business and is administered from an office in this district.

11. The Fund and Maitland, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, the Annuity Plan, and LMCI.

12. The Fund, Pension Plan, Annuity Plan and, as allowed by law, LMCI, are jointly or severally referenced as the "ERISA Funds." The ERISA Funds and LMCI are hereinafter jointly or severally referenced as the "Funds." The Funds and Maitland are hereinafter jointly or severally referenced as "Plaintiffs."

13. Defendant, Cottage Grove Glass Company Incorporated ("Company") is a dissolved Illinois corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the

address listed in the caption. The Company does business with the Fund that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

## COMMON FACTS

14. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union"). A true and correct copy of the cover page, contribution provisions and joinder or signature page of the Labor Contract is attached as Exhibit 1.

15. The Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds. A true and correct copy of the Trust Agreement for the Fund is attached as Exhibit 2. True and correct copies of the cover page, table of contents, §§ 3.08, 10.07, 10.08, and 10.11 and signature page of the Pension Plan are attached as Exhibit 3, and the Annuity Plan has parallel terms.

16. Under the Labor Contracts, Trust Agreement, plan documents of the ERISA Funds or other documents, the Company agreed:

    (a)    To make full and timely payment on a monthly basis to the Funds, as

required by the Labor Contracts, Trust Agreement and plan documents. Ex. 1, pp. 20-21 (Art. 20, § 3, ¶¶ 1a, 1e, 3); Ex. 2, p.15 (Art.VI, § 2); Ex. 3, § 10.07.

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, p. 21 (Art. 20, § 3, ¶ 3); Ex. 2, pp.15-16 (Art.VI, §§3, 5).

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan. Ex. 1, p. 21 (Art. 20, § 3, ¶ 3); Ex. 2, pp.16-17 (Art.VI, § 6).

(d) To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 1, p. 21 (Art. 20, § 3, ¶ 4); Ex. 2, pp. 16-17 (Art.VI, §§ 4, 6); Ex. 3, §§ 10.07, 10.11.

17. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

**ERISA FUNDS**
**v.**
**COMPANY**

18. The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully restated.

19. Based on information currently available to the ERISA Funds, Company has

failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from September 1, 2013, through June 30, 2015, in at least the sum of $84,060.94 in violation of 29 U.S.C. § 1145, as detailed in the attached Exhibit 4.

20. The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Company in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

**PLAINTIFFS**
**v.**
**COMPANY**

21. The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully restated.

22. The Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the ERISA Funds.

23. Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from September 1, 2013, through June 30, 2015, in at least the sum of $84,060.94, as detailed in the attached Exhibit 4.

24. Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

          Respectfully submitted,

Date: November 21, 2016

/s/ Judith Sznyter
JUDITH SZNYTER
Bar No. 29743
Jennings Sigmond, P.C.
1835 Market Street, Suite 2800
Philadelphia, PA 19103
jsznyter@jslex.com
Phone: (215) 351-0641
Fax: (215) 922-3524
*Attorney for Plaintiffs*

628877_1.doc
PTINTF- 34829.pl

8